## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Este Tux, Inc. ("Este Tux"), its past, present, and future affiliates, partners, stockholders, successors, assigns, officers, directors, owners, managers, joint ventures, insurers and reinsurers, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom it is now or may hereafter be affiliated (collectively "Releasees"), and Frances Simmonette ("Plaintiff" or "Simmonette") and JoAnne Lazzeri ("Plaintiff" or "Lazzeri") (collectively, "Plaintiffs") (the aforementioned collectively, the "Parties"), enter into this Settlement and Release Agreement ("Agreement") to resolve their disputes, including those that have been asserted against Este Tux in the action filed by Plaintiffs with the United States District Court for the Middle District of Pennsylvania, Docket No. 15-01943, captioned *Frances Simmonette and JoAnne Lazzeri v. Este Tux, Inc.* (the "Complaint"), and other claims that could have been asserted in later litigation. Accordingly, the Parties agree to the following terms:

WHEREAS, certain disputes and controversies have arisen between Plaintiffs and Este Tux in connection with Plaintiffs' employment and the cessation thereof;

WHEREAS, Plaintiffs filed the Complaint against Este Tux alleging violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA");

WHEREAS, there has been no determination on the merits of the Complaint and Este Tux absolutely denies any violations of the FLSA or PMWA, or other unlawful conduct, as alleged or at all;

WHEREAS, Lazzeri has voluntarily agreed to execute a general release of all claims as stated herein;

WHEREAS, Simmonette has voluntarily agreed to execute a general release of claims with one exception, as stated herein; and

WHEREAS, the Parties wish to avoid additional cost, the uncertainty of litigation, and to settle and resolve the Complaint and all controversies between them amicably and expeditiously.

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby STIPULATED AND AGREED by and between the undersigned Parties that all matters between them are hereby resolved as follows:

1. **Consideration.** Provided Plaintiffs sign this Agreement and comply with the terms and conditions herein, Este Tux shall pay a total of twenty thousand dollars and zero cents ($20,000.00) ("Settlement Payment") which shall be allocated and paid as follows:

    a. A check payable to Simmonette in the amount of seven thousand one hundred twenty-two dollars and zero cents ($7,122.00), representing alleged wage-related economic losses, less applicable taxes, for which a W-2 will be issued to Simmonette; and

    b. A check payable to Lazzeri in the amount of four thousand nine hundred eighty-five dollars and zero cents ($4,985.00), representing alleged wage-related economic losses, less applicable taxes, for which a W-2 will be issued to Lazzeri; and

    c. A check payable to Lazzeri, in the amount of one thousand dollars and zero cents ($1,000.00), representing non-wage income for her execution of the general release described in paragraph 5(a) for which an IRS Form 1099 will be issued to Lazzeri; and

    d. A check payable to Plaintiffs' counsel of record, Winebrake & Santillo, LLC, in the amount of six thousand eight hundred ninety-three dollars and zero cents ($6,893.00), representing attorneys' fees for which an IRS Form 1099 will be issued to Winebrake & Santillo, LLC.

Este Tux will effectuate payment of the settlement proceeds set forth in Section 1 of this Agreement within sixty (60) days following the execution of this Agreement by the second of the two Plaintiffs, provided that prior to Este Tux issuing any payment in accordance with Section 1 above, Plaintiffs shall provide Este Tux with this Agreement signed by all Plaintiffs and the District Court for the Middle District of Pennsylvania approves the settlement.

    2.    **No Consideration Absent Execution of this Agreement.** Plaintiffs expressly acknowledge and agree that they would not otherwise be entitled to the consideration set forth in this Agreement were it not for the covenants, promises, and releases herein, and that the settlement and other consideration provided by Este Tux constitutes good and valuable consideration for this release by Plaintiffs. Este Tux expressly acknowledges that it is providing good and valuable consideration to support this Agreement above and beyond any amounts that may have been disputed.

    3.    **Discontinuance of Action.** Plaintiffs, by and through Winebrake & Santillo, LLC, shall prepare and file an unopposed motion seeking the Court's approval of this settlement and the dismissal of this action with prejudice. This settlement is contingent upon the Court's dismissal of this action with prejudice.

    4.    **Sole Responsibility for Tax Liability and Indemnity.** Each Plaintiff is solely responsible for all possible tax liabilities and other consequences beyond the deductions made by Este Tux from amounts payable under this Agreement. Plaintiffs agree that Este Tux has not made any representation as to the tax consequences of this Agreement and the payments made hereunder; Este Tux shall have no further responsibility for any tax liabilities or other consequences; and each Plaintiff will indemnify, defend, and hold Este Tux harmless against any losses, claims, damages or liabilities to which she may become liable, including but not limited to reasonable attorneys' fees court costs, and settlement amounts, attributable to her failure to timely pay any such taxes on the amounts paid to her pursuant to this Agreement. If any governmental or taxing authority disagrees with how the payment is allocated, said allocation shall not void any other provision of this Agreement. Plaintiffs represent that there have been no payments or reimbursements by Medicare or Medicaid to either Plaintiff for any alleged

damages or injuries relating to this claim

5. **General Release, Claims Not Released and Related Provisions**

a. **Lazzeri's General Release of All Claims**. Lazzeri knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, known and unknown, asserted or unasserted, which Lazzeri has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Pennsylvania Equal Pay Act;
- The Pennsylvania Human Relations Act;
- The Pennsylvania Pregnancy Guidelines;
- The Pennsylvania Guidelines on Sexual Harassment;
- The Pennsylvania Disability Discrimination Rules;
- The Pennsylvania Occupational Safety and Health Laws;
- The Pennsylvania Wage and Hour Laws;
- The Pennsylvania Bona Fide Occupational Qualifications Rules;
- The Pennsylvania Religious Freedom Protection Act;
- The Pennsylvania Affirmative Action Guidelines;
- The Pennsylvania Military Leave and Re-Employment Rights Laws;
- Pennsylvania statutes regarding whistleblower protection, personnel files, criminal records, wage charges, and retaliation;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. **Simmonette's General Release of Claims With Exception.** Simmonette knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, known and unknown, asserted or unasserted, which Simmonette has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of the Acts, Ordinances, or other items listed in Section 5(a) of this Agreement, but not including the claims raised in or associated with Simmonette's pending charge of discrimination, PHRC Case No. 201503177/EEOC No. 17F201660327 (hereinafter

"Pending PHRC/EEOC Charge").

        c.    **Claims Not Released.** Plaintiffs are not waiving any rights they may have to: (a) their own vested and accrued employee benefits under Este Tux's health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement. Additionally, as stated above, Simmonette is not waiving her right to pursue her Pending PHRC/EEOC Charge.

        d.    **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with, or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Lazzeri agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies against Releasees; and Simmonette agrees that, other than her Pending PHRC/EEOC Charge, if such an administrative claim is made, Simmonette shall not be entitled to recover any individual monetary relief or other individual remedies against Releasees.

        e.    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Plaintiffs or any other Releasee identified in this Agreement is a party.

      6.    **Acknowledgments and Affirmations.**

Lazzeri affirms that, except for being a party to the lawsuit initiated by this Complaint, she is not presently a party to any claim against Este Tux, and that she has not filed or caused to be filed any other claims against Este Tux.

Simmonette affirms that, except for being a party to the lawsuit initiated by this Complaint and the Pending PHRC/EEOC Charge, she is not presently a party to any claim against Este Tux, and that she has not filed or caused to be filed any other claims against Este Tux.

Plaintiffs and their attorney affirm that, as of the date Plaintiffs sign this Agreement, they are not aware of any liens and/or pending legal claims applicable to the settlement amount. Plaintiffs agree to defend, indemnify and hold harmless the Releasees against any lien, claim or action asserted against the settlement amount. Plaintiffs also agree that they will be solely responsible to satisfy any liens or pending legal claims asserted against Releasees as against the Settlement Amount.

Plaintiffs affirm that they are not eligible for or enrolled in Medicare.

      7.    **Agreement Not To Seek Future Employment.** Plaintiffs agree and

affirm that they shall not apply in the future for, and shall not be entitled to, employment, reinstatement or re-employment, directly or indirectly with Este Tux. Plaintiffs agree and understand that, if, for whatever reason, Simmonette or Lazzeri should apply for employment with Este Tux, Este Tux will regard any application as a mistake and will give it no consideration. Each Plaintiff further agrees that Este Tux is privileged to reject any application for employment she may hereafter make, and to discharge her in the event she subsequently becomes employed by Este Tux. Plaintiffs understand and hereby agree that they are hereby waiving any and all claims of any kind or nature arising out of any of the foregoing circumstances described in Section 7, and they covenant not to sue, or otherwise bring a claim against, Este Tux and the other Releasees in any forum in connection therewith. The Parties agree that this is a negotiated clause of this Agreement and not evidence of retaliation. Nothing herein shall adversely impact Simmonette's ability to recover damages, if any, associated with her Pending PHRC/EEOC Charge.

8. **Nondisparagement and Neutral Reference.** Plaintiffs agree not to defame, disparage or demean Este Tux in any manner whatsoever and shall not communicate or publish, directly or indirectly, any disparaging comments or information about Este Tux or any of the other Releasees, including comments or information about any of their respective current or former officers, employees, directors, managers, supervisors, or representatives, to any person, corporation, partnership, or any other business or governmental entity. Plaintiffs agree to direct all prospective employers or other third parties with a need to perform a reference check to contact Darrin Stanford, Plant Manager, at (570) 504-2305 for such inquiries. Este Tux agrees that when and if contacted by a prospective employer, it will provide no more information than the relevant Plaintiff's dates of employment and position held. Nothing herein shall be read as restricting Simmonette in her pursuit of the Pending PHRC/EEOC Charge.

9. **Return of Property.** Plaintiffs affirm that they have returned all of Este Tux's property, documents, and/or any confidential information in her possession or control. Plaintiffs also affirm that they are in possession of all of their property that they had at Este Tux's premises, and that Este Tux is not in possession of any of Plaintiffs' property.

10. **Governing Law.** This Agreement shall be governed and conformed in accordance with the laws of Pennsylvania without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

11. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

12. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, excluding any non-compete, non-solicitation or non-disclosure agreements Plaintiffs may have signed while employed by Este Tux and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

14. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Parties agree that signatures transmitted electronically, whether sent via facsimile or as attached files (e.g., portable document format), shall be acceptable to bind the Parties and shall not in any way affect this Agreement's validity.

15. **Severability.** If any portion of this Agreement is void or deemed unenforceable for any reason, the remaining portions shall survive and remain in effect, with any necessary modification to become a part hereof and treated as though contained in this original Agreement.

PLAINTIFFS ARE ADVISED THAT THEY HAVE UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFFS ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

EACH PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO STEPHANIE J. PEET, ESQ., ℅ JACKSON LEWIS, 1601 CHERRY STREET, SUITE 1350, PHILADELPHIA, PA 19102, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO STEPHANIE J. PEET, ESQ., OR HER DESIGNEE, OR MAILED TO STEPHANIE J. PEET, ESQ., ℅ JACKSON LEWIS, 1601 CHERRY STREET, SUITE 1350, PHILADELPHIA, PA 19102, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT.

PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES, SUBJECT TO THE LIMITATIONS IN SECTION 5 OF THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: *Frances M Simmonette*
FRANCES SIMMONETTE
Date: 3-20-16

ESTE TUX, INC.
By: *[signature]*
NANCY SARNO DE LOS RIOS
Secretary/Owner
Date: 3-23-16

By: *[signature]*
JOANNE LAZZERI
Date: 3-20-16